UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 3:07-cr-284 (JCH) |
| | : | |
| CARLOS ESCALERA | : | JUNE 18, 2008 |

## ORDER

Defendant Carlos Escalera has filed a motion seeking disclosure of certain documents from the government. Following oral argument on the motion, the court dealt with most of the defendant's requests. However, still outstanding is the defendant's request for a copy of a search warrant application and affidavit that was executed on June 20, 2007.

Pursuant to the court's request, the government has submitted the application and affidavit to the court ex parte and under seal. The court has reviewed these materials in camera.

The relevant search warrant was executed based on a tip from a confidential informant. The evidence obtained from the June 20 search is not the evidence that forms the basis of the indictment against Escalera. Instead, that evidence implicated another individual. The charges against Escalera are based on evidence recovered from a search of a different residence, conducted on September 18, 2007.

Under Rovario v. United States, 353 U.S. 53 (1957), the government is generally not required to disclose the identity of confidential informants. After reviewing the requested documents, the court concludes that they contain enough information about

1

the confidential informant that disclosure of these documents might well be expected to reveal the informant's identity. Absent any exception to Rovario, the documents are protected from disclosure.

It is true, of course, that the government's privilege under Rovario can give way when disclosure is needed to ensure the defendant's right to a fair trial. United States v. Fields, 113 F.3d 313, 324 (2d Cir. 1997). However, the defendant bears the burden of showing the need for disclosure. Id.

Defendant has not made anything close to an adequate showing under Rovario. The links between the search warrant and the instant case against Escalera are tangential at best. Indeed, the defendant has failed to articulate, with any specificity, why he believes the June 20 search warrant would be relevant to his defense.

At oral argument, the defendant vaguely suggested that the materials he sought might be relevant to a suppression motion. As an initial matter, the defendant's interest in disclosure is lessened when it is sought in connection with a suppression motion, rather than in connection with a defense on the merits. See id. In any event, the court does not see how the material from the June 20 search is likely to lead to a successful motion to suppress the fruits of September 18 search.

The outstanding requests in the defendant's Motion for Disclosure [Doc. No. 28] are **DENIED**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 18th day of June, 2008.

                                                /s/ Janet C. Hall
                                               Janet C. Hall
                                               United States District Judge